**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Quinton Brooks, ) | No. CV 21-00516-TUC-LAB |
| Plaintiff, ) | ORDER |
| vs. ) | |
| Fast Park and Relax, ) | |
| Defendant. ) | |

Pending before the court is the defendant's motion to set aside entry of default filed on March 10, 2022. (Doc. 18) The plaintiff filed a response on March 17, 2022. (Doc. 23) The defendant filed a reply on March 24, 2022. (Doc. 25)

Also pending is the defendant's previously filed motion for an extension of time to file a motion to set aside default filed on March 8, 2022. (Doc. 17) The plaintiff did not file a timely response. *See* LRCiv 7.2(i). In that motion, the defendant asks that this court take no action in this matter for 10 days to allow the defendant time to file a motion to set aside entry of default. (Doc. 17)

The plaintiff in this case, Brooks, alleges that he interviewed for a job as a shuttle driver at the defendant's place of business, Fast Park and Relax ("Fast Park"). (Doc. 11) He was interviewed by a manager named Lisa. *Id.* During the interview, Lisa referred to him as "honey" on several occasions. *Id.* Brooks claims that her use of this term violated his rights under Title VII of the Civil Rights Act of 1964. *Id.*

Brooks filed proof of service indicating that service on Fast Park was accomplished on February 3, 2022. (Doc. 13) Fast Park did not file a timely responsive pleading. The Clerk entered default on March 7, 2022. (Doc. 16) In the pending motion, Fast Park moves that this court set aside the default pursuant to Fed.R.Civ.P. 55(c). (Doc. 18)

Jurisdiction

The Magistrate Judge assumes without deciding that a motion to set aside entry of default is a dispositive matter and issues this order pursuant to 28 U.S.C. § 636(c)(1). Pursuant to section 636(c)(1), the Magistrate Judge is authorized to conduct any and all proceedings in a civil action upon consent from all parties. The docket indicates that the plaintiff, Brooks, and the defendant, Fast Park, have consented to Magistrate Judge jurisdiction. (Docs. 7, 24) It appears that all parties have consented, but the record is not entirely straightforward.

In the original Complaint, Brooks named *two* defendants, Fast Park and the manager, Lisa. (Doc. 1) On January 19, 2022, however, he filed an Amended Complaint. (Doc. 11) The Amended Complaint fails to explicitly name the parties in violation of Fed.R.Civ.P. 10 and LRCiv 7.1(a)(3), so it is unclear if that complaint names one defendant or two. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent.") (punctuation modified). Eight days later, however, Brooks applied for a Summons for the defendant, Fast Park. (Doc. 12) On the Summons form, Brooks explicitly stated that this action has a single plaintiff and a single defendant, Fast Park. (Doc. 12) On March 17, 2022, Brooks filed a second Amended Complaint. (Doc. 22) In that complaint, Brooks explicitly stated that there is only a single plaintiff and a single defendant, Fast Park, which makes sense considering the nature of the claim. *Id.*; *see also Lesane v. Aloha Airlines, Inc.*, 226 F. App'x 693, 700 (9th Cir. 2007) ("The dismissal of John Brom as a defendant to the Title VII claims was proper because

individual employees, including supervisors and managers, are not personally liable as 'employers' under Title VII.).

Based on the court record to date, the court concludes that there is only one defendant in the pending action, Fast Park, and all parties have consented to the jurisdiction of the Magistrate Judge pursuant to section 636(c)(1). (Docs. 7, 24) In the alternative, the Magistrate Judge issues this order pursuant to LRCiv 3.7(b).

Discussion

"The court may set aside an entry of default for good cause . . . ." Fed.R.Civ.P. 55(c). "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default . . . would prejudice the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (punctuation modified) "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*.

The court first considers the issue of "culpable conduct." "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id*. (punctuation modified).

In its motion, Fast Park explains that it received the Amended Complaint on Friday, February 4, 2022. (Doc. 18, p. 2) It submitted the Amended Complaint to its insurance carrier on Monday, February 7, 2022. (Doc. 18, p. 3) On February 9, 2022, Fast Park was informed that the claim had been assigned to a claims adjuster, who would be in contact. *Id*.

1   Fast Park finally heard from the claims adjuster on February 23, 2022.  *Id.*  "[T]he claims
2   adjuster noted that subject to a coverage determination, Defendant could retain Jackson
3   Lewis P.C. as legal counsel approved by the insurance carrier."  *Id.*  The claims adjuster
4   finally referred the matter to legal counsel, Jackson Lewis, on March 2, 2022. (Doc. 18, p.
5   4)  It appears from the docket that a responsive pleading was due February 24, 2022.  *Id.*

6       Brooks filed a request for default on March 4, 2022.  (Doc. 15)  The Clerk entered
7   default on March 7, 2022.  (Doc. 16)  That same day, Fast Park discovered that default had
8   been entered, and two days later, it filed the pending motion for a 10-day extension of time
9   to file a motion to set aside the default.  (Doc. 17)  On March 10, 2022, Fast Park filed the
10  pending motion to set aside the default pursuant to Fed.R.Civ.P. 55(c).  (Doc. 18)

11      On this record, it appears that Fast Park failed to file a timely responsive pleading due
12  to administrative negligence by either Fast Park or its insurance carrier, or both.  There is no
13  evidence that Fast Park "intentionally" failed to file a timely responsive pleading.  There is
14  therefore no evidence of culpable conduct.

15      In his response, Brooks argues generally that Fast Park was "careless" and its legal
16  representation fell below professional standards.  (Doc. 23, p. 3)  He does not, however,
17  argue that Fast Park "intentionally" failed to file a timely responsive pleading.

18      Fast Park further argues that it has meritorious defenses to the claim in the Amended
19  Complaint.  "A defendant seeking to [set aside entry of default] must present specific facts
20  that would constitute a defense." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*,
21  615 F.3d 1085, 1094 (9th Cir. 2010); *see also Id.* at 1091 (The standard to set aside entry of
22  default is the same standard that is used to determine whether a default judgment should be
23  set aside.).  "But the burden on a party seeking to [set aside entry of default] is not
24  extraordinarily heavy."  *Id.*  "All that is necessary to satisfy the 'meritorious defense'
25  requirement is to allege sufficient facts that, if true, would constitute a defense: the question
26  whether the factual allegation is true is not to be determined by the court when it decides the
27  motion to set aside the default."  *Id.* (punctuation modified).  "Rather, that question would
28  be the subject of the later litigation." *Id.*

Fast Part notes that Brooks raised his claim initially with the EEOC, but the EEOC dismissed his charge "without seeking any position statement or response from Defendant." (Doc. 18, p. 7)  Fast Park maintains that this is evidence that Brooks's allegations are insufficient to support a viable claim under Title VII.  Fast Park also attached to its motion a proposed Answer.  (Doc. 18-5)  In that proposed Answer, Fast Park raises seventeen affirmative defenses.  *Id.*  It alleges, among other things, that Brooks failed to mitigate his damages, that Fast Park acted without improper motive, that Brooks's claims are beyond the scope of his EEOC charge, that Brooks's alleged damages exceed the appropriate statutory caps, and that Fast Park's conduct was not extreme, outrageous, reckless, or negligent. (Doc. 18-5, pp. 4-6)  On this record, the court finds that Fast Park satisfies the "meritorious defense" requirement.

Brooks argues in his response that Fast Park has not disclosed all relevant information. (Doc. 23, p. 3) At this stage in the proceedings, however,  the court only determines whether Fast Park has alleged a defense that should be decided on the merits, not whether that defense is meritorious considering all the evidence.

Finally, Fast Park argues that Brooks would not be prejudiced if the default were set aside.  The court agrees, the delay resulting from Fast Park's failure to timely file its answer is only a matter of a month or two.  There is no evidence in the record that Brooks would be prejudiced.

In his response, Brooks states that "nothing is frivolous about this case." (Doc. 23, p. 3)  He further expresses frustration that he has followed the Rules of Civil Procedure but Fast Park has not.  He does not, however, explain how he would be prejudiced if entry default were lifted.

The court finds that Fast Park has not engaged in culpable conduct, Fast Park has alleged meritorious defenses, and setting aside the default would not prejudice Brooks. *See U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Accordingly,

IT IS ORDERED as follows:

The Clerk of the Court is instructed to designate the defendant "Unknown Party, named as Lisa N/A, Manager" as TERMINATED.

The defendant's motion to set aside entry of default, filed on March 10, 2022, is GRANTED. (Doc. 18)  The defendant's deadline for filing a responsive pleading is extended to April 15, 2022.  The defendant notes that the second Amended Complaint filed by Brooks on March 17, 2022 was filed in violation of Fed.R.Civ.P. 15(a). (Doc. 25, p. 3, n. 1)  The court agrees.  The court further notes that it does not comply with Fed.R.Civ.P. 8(a), which would make responding to that pleading problematic. (Doc. 22)  In fact, it reads less like a complaint and more like a response to Fast Park's lodged Answer combined with a response to Fast Park's motion to set aside default. *Id.*  Accordingly,

The second Amended Complaint filed by Brooks on March 17, 2022 is STRICKEN. (Doc. 22)  Fast Park's responsive pleading should be directed to the Amended Complaint previously filed on January 19, 2022. (Doc. 11)

The defendant's motion for an extension of time to file a motion to set aside default, filed on March 8, 2022, is GRANTED. (Doc. 17); *see* LRCiv 7.2(i).

DATED this 28th day of March, 2022.

_____
Leslie A. Bowman
United States Magistrate Judge