**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Quinton Brooks,  ) | No. CV 21-00516-TUC-LAB |
| Plaintiff,  ) | ORDER |
| vs.  ) | |
| Fast Park and Relax,  ) | |
| Defendant.  ) | |

Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed on April 13, 2022, by the defendant, Fast Park and Relax ("Fast Park"). (Doc. 28) The plaintiff, David Quinton Brooks, filed a response on April 18, 2022. (Doc. 29) Fast Park filed a reply on April 25, 2022. (Doc. 30)

The Magistrate Judge has jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. 27)

The plaintiff, Brooks, brings an action pursuant to Title VII of the Civil Rights Act of 1965. (Doc. 11) He claims he was sexually harassed at a job interview. *Id.* In the pending motion to dismiss, Fast Park asserts that the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted. (Doc. 28) Fast Park argues that Brooks has not alleged that he was subjected to unwelcome conduct that was sufficiently severe or pervasive to create an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). *Id.*

Background

On March 11, 2021, Brooks received a call from a Fast Park manager who offered to interview him for a shuttle driver position. (Doc. 11); (Amended Complaint) Brooks believes that the manager obtained his number from the Indeed job matching service. *Id.* The interview took place at the defendant's place of business on March 12, 2021. *Id.* Brooks states that, "[D]uring the interview, the hiring manager named Lisa, referred to me as honey, on several occasions throughout the interview process." *Id.* He continues, "At the conclusion of the interview, I thanked her for the time and opportunity to interview, I showed no emotion after being embarrassed, while I was leaving . . . , she had the nerve to say, 'goodbye honey[,]' [f]urther ostracizing me." *Id.* Brooks does not allege that he told Lisa that he did not like being called, "honey." *Id.* On March 23, 2021, Brooks called Fast Park and asked to talk to Lisa. *Id.* When Lisa came to the phone, she stated, "I'm very busy right now, call me back in an hour honey." *Id.* Brooks did not call back.

Brooks subsequently filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC). (Doc. 11, p. 2) On November 10, 2021, the EEOC issued Brooks a "right to sue" notice, which informed Brooks that it decided not to "proceed further with its investigation" without passing on the merits of his complaint. *Id.*

On December 10, 2021, Brooks filed a Complaint in this court. (Doc. 1) He filed an Amended Complaint on January 19, 2022 in which he claims that he suffered "sexual harassment" in violation of Title VII of the Civil Rights Act of 1964 because the hiring manager Lisa "would not refer to me properly throughout the interview . . . ." (Doc. 11) Brooks did not attach a copy of his EEOC charge to his Amended Complaint. *Id.*

Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed on April 13, 2022, by the defendant, Fast Park. (Doc. 28) Fast Park argues that Brooks has not alleged a proper Title VII claim in his Amended Complaint. *Id.*

Discussion

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).  The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory.  *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

"[O]n a motion to dismiss, the court presumes that the facts alleged by the plaintiff are true." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).  The court need not, however, "assume the truth of legal conclusions cast in the form of factual allegations." *Id.* at 1248.

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Id.* at 556, 1965 (internal punctuation omitted).

DISCUSSION: Hostile Work Environment

"Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his race, color, religion, sex, or national origin." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *see* 42 U.S.C. § 2000e-2(a)(1). "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Id*. "[I]n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and

1 one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998).

"To determine whether conduct was sufficiently severe or pervasive to violate Title VII, [the court will] look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (punctuation modified).

"Title VII does not prohibit genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2283–84, 141 L. Ed. 2d 662 (1998) (punctuation modified). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* "These standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code." *Id.* "Properly applied, they will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.* "We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment, and the Courts of Appeals have heeded this view." *Id.*

In this case, Brooks's Amended Complaint fails to allege conduct that is "sufficiently severe or pervasive" to constitute an actionable "abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). According to Brooks, the hiring manager, Lisa, referred to him as "honey" several times during the interview and once more on the phone the next day. (Doc. 11) He does not allege any other offensive statements or conduct. *Id.* This is not enough. *See, e.g., Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399, 2405 (1986) (*"*[M]ere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee would not affect the conditions of employment to [a] sufficiently significant degree to violate Title VII.") (punctuation modified); *Casiano*

*v. AT&T Corp.*, 213 F.3d 278, 285 (5th Cir. 2000) ("Standing alone, neither a supervisor's referring to a subordinate employee of the opposite sex as 'honey' nor the supervisor's demanding—even in the presence of others—that the subordinate employee perform demeaning personal tasks for the supervisor, is sufficient to constitute sexual harassment."); *Jenkins v. Sw. Pennsylvania Hum. Servs., Inc.*, No. CV 2:20-501, 2021 WL 5989112, at *13 (W.D. Pa. Dec. 17, 2021) ("Names like 'honey' or 'kiddo' are not objectively severe.").

In his response, Brooks asserts that he genuinely believes that he suffered discrimination. (Doc. 29) The issue here, however, is whether Brooks has alleged conduct that is *objectively* severe or pervasive enough to constitute an abusive work environment. The court concludes that he has not.

Brooks appears to argue in his response that he suffered not only sexual harassment, but also race discrimination. (Doc. 29) His Amended Complaint, however, does not allege discrimination on the basis of race. (Doc. 11)

IT IS ORDERED that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed on April 13, 2022, by the defendant, Fast Park and Relax, is GRANTED. (Doc. 28) Brooks does not allege any other statements or conduct that he could add to his Amended Complaint. (Doc. 29) The Amended Complaint, therefore, is dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly and close this case.

DATED this 15th day of August, 2022.

_____
Leslie A. Bowman
United States Magistrate Judge